**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KENALL MANUFACTURING COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**COOPER LIGHTING, LLC; EATON CORPORATION,**<br><br>**Defendants.** | Case No. 1:17-cv-04575<br><br>Honorable Judge G. Feinerman |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO STATE A CLAIM FOR PATENT INFRINGEMENT**

## INTRODUCTION

This is a simple breach of contract case. At issue is whether certain products of Defendant Cooper Lighting LLC ("Cooper")[1] are subject to a royalty under the parties' 2007 License Agreement ("License Agreement"). Plaintiff Kenall Manufacturing Company ("Kenall"), asserts both a breach of contract and a patent infringement claim arising from Defendants' manufacture and sale of licensed products. Kenall's patent infringement claim fails as a matter of law, however, because the express conduct alleged to be infringing is covered by the License Agreement.

The parties do not dispute that the License Agreement is valid and enforceable. And the Complaint makes clear that the patents, products and allegedly infringing activities all are

[1] By joining this motion, Eaton Corporation ("Eaton") does not waive its right to assert that Eaton is not a proper party to this suit. As set forth in the Defendants' Answer, Eaton and Cooper are affiliated entities. Cooper Lighting LLC is a standalone company.

addressed in the license grant. It is a bedrock principle of patent law that one cannot assert patent infringement where an applicable license agreement covers the subject matter of the claim. Here, because the very conduct that forms the basis of Kenall's patent infringement claim is covered by the License Agreement, Count II fails as a matter of law.

**BACKGROUND**[2]

Cooper is a Delaware limited liability company that manufactures and sells lighting products. (Complaint, D.I. 1 at ¶ 20.) In 2007, Kenall filed a patent infringement suit against Cooper (the "Predicate Litigation") that ultimately resulted in a settlement and was dismissed on July 26, 2007. (*Id.* at ¶ 2.) As part of that settlement, the parties entered into a Settlement Agreement (*Id.* at Ex. A) and the License Agreement. (*Id.* at Ex. A at Ex. 3; D.I. 1 at ¶ 29-30.) The License Agreement forms the basis of this dispute.

The license grant in the License Agreement provides, in part:



(D.I. 1, Ex. A at Ex. 3 (emphasis added).)

[2] For purposes of this motion only, Defendants deem the alleged facts in Plaintiff's complaint to be true. The short recitation of facts here is based on Plaintiff's complaint and provided only for background.

[redacted]

(D.I. 1 at ¶ 32.)

The patents on which Kenall relies for its patent infringement claim in this action are the same "Subject Patents" of the License Agreement. (D.I. 1 at ¶ 33, ¶¶ 69-88.) And Kenall accuses the same "Subject Products" and activity licensed under the License agreement as the basis of infringement of the "Subject Patents." Indeed, Kenall concedes that it "has not at any time asserted, and does not now assert, the Subject Patents against Cooper products other than the Subject Products." (*Id.* at ¶ 36). In short, the activity asserted as patent infringement in this action forms the very subject of the License Agreement.

As Kenall's complaint makes clear, the License Agreement has not been terminated. Kenall, in fact, argues that Defendants are contractually precluded from asserting certain defenses, [redacted][3]

(*Id.* at ¶¶ 35 and 87 (emphases added).) Similarly, Kenall asserts Eaton has been aware of the agreements since its acquisition of Cooper, and "has been bound by all the terms thereof." (*Id.* at ¶ 44).

## ARGUMENT

Kenall asserts breach of contract and patent infringement for the very same conduct. Specifically, Kenall asserts that Defendants' manufacture and sale of "Subject Products" infringes the "Subject Patents" even though Defendants have an express license to make and sell

[3] This term is actually found in Paragraph 15 of the License Agreement, not the Settlement Agreement. Kenall's complaint appears to use "Settlement Agreement" and "License Agreement" synonymously. Kenall's specific assertion that Defendants are barred from certain patent defenses or they would be in breach of the agreement (*e.g.* D.I. 1 at ¶¶ 35 and 87), leaves no doubt that the License Agreement has not been terminated and remains valid.

the Subject Products under the License Agreement. This is impermissible. Because there is no dispute that the License Agreement remains in place, it is black letter law that Kenall cannot assert patent infringement for the same conduct regarding which Defendants have a license.

Indeed, a valid license is a complete defense to patent infringement liability. *Seoul Laser Dieboard Sys. Co., Ltd. v. Computerized Cutters, Inc.*, NO. 15-cv-1212-H-DHB, 2015 WL 12081336, *6 (S.D. Cal. Dec. 22, 2015) (citing *McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 920 (Fed. Cir. 1995)). A motion for judgment on the pleadings under Rule 12(c) is appropriate when the facts as plead fail to state a viable claim. *See Arch Ins. Co. v. Stone Mountain Access Sys., Inc.*, No. 16 C 514, 2016 WL 3671466, at *2 (N.D. Ill. July 11, 2016) (explaining that a Rule 12(c) motion is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A claim of patent infringement against licensee for licensed products is not a viable claim. *JVC Kenwood Corp. v. Nero, Inc.*, 797 F.3d 1039, 1045 (Fed. Cir. 2015). Thus, even assuming the facts alleged by Kenall are true, Kenall fails to state a claim for patent infringement because Defendants' accused infringing activity was and remains licensed. *Id.*

For starters, there can be no dispute that Defendants' accused activity, the making and selling of "Subject Products" (D.I. at ¶ 36), falls squarely within the scope of the License Agreement. As Kenall concedes, [redacted] (D.I. 1 at ¶ 33). Kenall also concedes that it "has not at any time asserted, and does not now assert, the Subject Patents against Cooper products other than the Subject Products." (*Id.* at ¶ 36). But the Subject Products are licensed to the Subject Patents pursuant to the express terms of the License Agreement. (D.I. 1, Ex. A at Ex. 3.) Kenall thus fails to state a claim for patent infringement because Defendants' conduct

relating to the Subject Patents is licensed. *See Transcore, LP v. Electronic Transaction Consultants Corp.*, 563 F.3d 1271, 1275-76 (Fed. Cir. 2009) (holding a license is a promise by the licensor not to sue the licensee).

Moreover, there is also no allegation that the License Agreement has been terminated. To the contrary, [redacted] . (D.I. at ¶¶ 35 and 86.) This, of course, can only apply if the License Agreement is in place. Indeed, Kenall asserts that these defenses are unavailable [redacted] *Id.* In short, accepting Kenall's allegation as true, it is clear that the License Agreement remains in place and at issue are patents and products covered by that agreement. This renders Kenall's patent infringement claim improper as a matter of law. *See, e.g., Sidewinder Marine, Inc. v. Nescher*, No. C-70-2504, 1975 WL 21188, at *2 (N.D. Cal. Oct. 10, 1975) (holding infringement proceedings against licensee cannot succeed where there is a license covering the scope of the infringement claim).

*Corebrace LLC v. Star Seismic LLC*, is guiding as it involved nearly identical facts. No. 2:08CV11DAK, 2008 WL 7071435, at *5 (D. Utah July 18, 2008) *aff'd by Corebrace LLC v. Star Seismic LLC*, 566 F.3d 1069 (Fed. Cir. 2009). At issue in that case was Defendant's motion to dismiss Plaintiff's claims of breach of license agreement, breach of settlement agreement, and patent infringement. *Id.* at *1. The court began by concluding that the license agreement had not been terminated because Plaintiff failed to provide thirty-day written notice and an opportunity to cure as required by the contract. *Id.* at *4. The Court explained that "[b]ecause this court has

concluded that [Defendant] remains licensed to the Patent under the License, the License is a defense to infringement." *Id.* at *5.

*Corebrace* is directly on point here. Kenall concedes and, in fact, affirmatively asserts that the License Agreement applies. And Kenall concedes that it alleges infringement based on the same patents and products that are the subject of the License Agreement. Thus, even if the License Agreement were breached, which it was not, Kenall's claims and remedy would be breach of contract, not patent infringement, because the License Agreement still applies. *See id.* Consequently, Kenall fails to state a claim for patent infringement for which relief could be granted because any such claim would fall within the scope of the License Agreement.

**CONCLUSION**

For the foregoing reasons, Defendants Cooper Lighting LLC's and Eaton Corporation's Partial Judgment on the Pleadings should be granted, and the Court should enter an Order dismissing Count II, alleging Patent Infringement, with prejudice.

Dated: August 31, 2017

Respectfully Submitted,

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

*/s/ Kal K. Shah*
Kalpesh (Kal) K. Shah
333 West Wacker Drive, Suite 1900
Chicago, IL 60606
Telephone: 312.212.4949
Facsimile: 312.757.9192
Email: kshah@beneschlaw.com

*Attorney for Defendants Cooper Lighting, LLC and Eaton Corporation*