# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **KENALL MANUFACTURING COMPANY,**<br><br>       **Plaintiff,**<br><br>    v.<br><br>**COOPER LIGHTING, LLC; EATON CORPORATION,**<br><br>       **Defendants.** | Case No. 1:17-cv-04575<br><br>Honorable Judge G. Feinerman |

**DEFENDANTS COOPER LIGHTING, LLC'S AND EATON CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS FOR FAILURE TO STATE A CLAIM FOR PATENT INFRINGEMENT**

## TABLE OF CONTENTS

Page

**INTRODUCTION** .................................................................................................................. 1

**ARGUMENT** ........................................................................................................................... 1

    I.    PLAINTIFF'S OPPOSITION CONFIRMS THAT DEFENDANTS HAVE A BROAD LICENSE TO THE PATENTS-IN-SUIT. ................................ 1

    II.    PLAINTIFF'S OPPOSITION UNDERSCORES THAT ITS CLAIMS ARE ENTIRELY CONTRACTUAL. .................................................................. 2

    III.    PLAINTIFF'S RELIANCE ON THE NO CHALLENGE CLAUSE IS MISPLACED AND FURTHER SUPPORTS DEFENDANTS. ............................. 5

**CONCLUSION** ....................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chrimar Systems, Inc. v. Alcatel-Lucent Enterprise USA Inc.*,
  No. 6:15-CV-00163-JDL, 2017 WL 3313731 (E.D. Tex., Aug. 3, 2017).................................4

*General Talking Pictures Corp v. Western Elec. Co.*,
  305 U.S. 124 (1938).................................................................................................3, 4

*Gill v. City of Milwaukee*,
  850 F.3d 335 (7th Cir. 2017) ....................................................................................3

*Lisle Corp. v. Edwards*,
  777 F.2d 693 (Fed. Cir. 1985)..................................................................................5

*Providence Rubber Company v. Goodyear*,
  76 U.S. 788, 799-800 (1869) ...................................................................................4

*Seoul Laser Dieboard Sys. Co., Ltd. v. Computerized Cutters, Inc.*,
  NO. 15-CV-1212-H-DHB, 2015 WL 12081336 (S.D. Cal. Dec. 22, 2015)..............2

*Sidewinder Marine, Inc. v. Nescher*,
  NO. C-70-2504, 1975 WL 21188 (N.D. Cal. Oct. 10, 1975) ...................................3

*Transcore, LP v. Electronic Transaction Consultants Corp.*,
  563 F.3d 1271 (Fed. Cir. 2009).................................................................................2

## INTRODUCTION

Plaintiff's opposition unveils its attempt to circumvent the law so that it can have its cake and eat it too. On the one hand, Plaintiff repeatedly asserts that at issue are only the "Subject Patents" and that Defendants are bound by the License Agreement. On the other hand, it seeks to exclude products *expressly covered by the license grant* from the license. There is no basis in fact or law for such an inequitable application of a license.

It is now beyond dispute that Plaintiff's accused conduct is based exclusively on provisions of the License Agreement outside of the broad license scope. Indeed, Plaintiff admits that it is relying on restrictions *extrinsic* to the Paragraph 1 license grant, namely, Paragraphs 2, 5 and 9. The plain language of the License Agreement, longstanding legal precedent, and the numerous inconsistencies in Plaintiff's arguments overwhelmingly favor granting of Defendants' motion. Plaintiff's claims of patent infringement are improper and should be dismissed.

## ARGUMENT

### I. Plaintiff's Opposition Confirms That Defendants Have A Broad License To The Patents-In-Suit.

Defendants moved to dismiss Plaintiff's claim of patent infringement because Defendants have a license to the patents-in-suit, and that license is broad enough to cover the accused products. This was Defendants' reading of Plaintiff's complaint, and is now confirmed by Plaintiff's opposition. As explained, the license grant in the License Agreement provides Defendants with a license to "Subject Patents" and covers "the Subject Products and any other products within the scope of the Subject Patents." (D.I. 1, Ex. A at Ex. 3 ¶ 1). In other words, Defendants have a standard license granting it full access to practice the identified patents. Plaintiff cannot bring a claim for patent infringement under these patents as long as the license remains in force.

As explained in Defendants' motion, a valid license precludes a claim of infringement. (D.I. 35 at 4). This is because a license is a promise by the licensor not to sue the licensee. *Transcore, LP v. Electronic Transaction Consultants Corp.*, 563 F.3d 1271, 1275-76 (Fed. Cir. 2009). Plaintiff does not dispute that a valid license is a complete defense to patent infringement. Nor does it contest that patent infringement cannot be asserted against a licensee with respect to licensed products. And, Plaintiff's assertion of the "No Challenge" provision and other aspects of the License Agreement leave no doubt that Defendant deems the contract valid and enforceable. (D.I. 70 at 8-9). As such, Defendants have a full license to the Subject Patents as set forth in Paragraph 1 of the License Agreement. There can be no allegation of patent infringement as to any product that falls within the scope of that paragraph, including, of course "Subject Products". (*See Seoul Laser Dieboard Sys. Co., Ltd. v. Computerized Cutters, Inc.*, NO. 15-CV-1212-H-DHB, 2015 WL 12081336, *6 (S.D. Cal. Dec. 22, 2015) (citing *McCoy v. Mitsuoshi Cutlery, Inc.*, 67 F.3d 917, 920 (Fed. Cir. 1995)).

**II.     Plaintiff's Opposition Underscores That Its Claims Are Entirely Contractual.**

Plaintiff attempts to avoid the broad scope of the license grant by arguing that three specific acts by Defendants purportedly place the accused "Subject Products" "outside the scope of the license" but "within the scope of the patents-in-suit." (D.I. 70 at 1). Plaintiff's own arguments, however, demonstrate that the products at issue are clearly *within* the scope of the license grant and that Plaintiff's arguments rest exclusively with separate provisions *extrinsic* to the license grant.

Specifically, Plaintiff relies on a redesign provision, patent marking, and a royalty dispute to allege a violation of the license such that the corresponding products are subject to claims of patent infringement. (D.I. 70 at 9-11). The plain language of the License Agreement, as confirmed in Plaintiff's opposition, reveals the inherent inconsistency in this argument. As an

initial matter, there can be no reasonable dispute that Plaintiff's allegations as to these three categories of products relate to the Subject Patents. As explained above, Defendants have a license to these patents and thus Plaintiff's argument fails on its face. On the merits, however, Plaintiff's argument fares no better. As Plaintiff itself emphasizes in its opposition, the three limitations are ***not*** in the license grant, but rather in separate clauses of the License Agreement. Plaintiff's arguments rest exclusively on Paragraphs 2, 5 and 9, respectively, ***not*** from Paragraph 1 – the license grant. (*See, e.g.* D.I. 70 at 9-11 (expressly citing Paragraphs 2, 5 and 9 for its allegations)).

Plaintiff's argument is further untenable as it creates an inequitable guessing game whereby neither Plaintiff nor Defendants can be certain whether a clause would result in breach of contract or patent infringement. Indeed, here Plaintiff claims that violation of Clauses 2, 5 and 9 open the door to patent infringement claims, but at the same time argues that violation of Clause 15 (the "No Challenge" clause) is a breach of contract. (D.I. 1 at ¶ 86). How is one to tell? The law is clear on this issue: conduct within the scope of the license grant cannot be the subject of a claim of patent infringement. (*Sidewinder Marine, Inc. v. Nescher*, NO. C-70-2504, 1975 WL 21188, *2 (N.D. Cal. Oct. 10, 1975)).

Plaintiff does not cite a single case contradictory to Defendants' position. Rather, every case cited by Plaintiff is consistent with Defendants' motion. In those cases, the conduct at issue was clearly outside the express scope of the license grant, not based on extrinsic provisions in a license agreement.[1] For instance, Plaintiff repeatedly cites to *General Talking Pictures Corp v.*

---

[1] Plaintiff's comparison of the standard under Rule 12(b)(6) versus Rule 12(c) also misses the mark. Both standards of review are the same. *See, e.g., Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) ("A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."). The issue for the Court is "whether the complaint states 'a claim to relief that is plausible on its face.'" *Id.* (citing, *Bell Atl. Corp. v. Twombly*, 550

(footnote cont'd…)

*Western Elec. Co.*, 305 U.S. 124 (1938). In that case, the license was limited to "radio amateur reception, radio experimental reception and radio broadcast reception." (*Id.* at 117). The conduct at issue was manufacture and sale for commercial picture use – an express violation of the license grant, not a separate term of the contract. Similarly, in *Providence Rubber Company v. Goodyear*, 76 U.S. 788, 799-800 (1869), the license excluded contracting with the United States government and at issue was licensee's contract with the quartermaster-general of the United States. And in *Chrimar Systems, Inc. v. Alcatel-Lucent Enterprise USA Inc.*, No. 6:15-CV-00163-JDL, 2017 WL 3313731, *3-4 (E.D. Tex., Aug. 3, 2017) the license specifically excluded sales to companies engaged in litigation with the licensor. But defendant nonetheless sold products to a company litigating against the licensor. *Id.* Every case is similarly distinguishable and supports Plaintiff's motion. *See* Exhibit A (comparing the conduct at issue with the license scope).

Here, in contrast, the license grant includes "a worldwide, nonexclusive license under the Subject Patents to … the Subject Products and any other products within the scope of the Subject Patents." (D.I. 1, Ex. A at Ex. 3, ¶ 1). Thus, Plaintiff cannot assert patent infringement against Defendants as to any Subject Patent so long as the agreement remains in place; its remedy is limited exclusively to the other provisions of the contract. Plaintiff is essentially asking the Court to rewrite the contract to read limitations into the scope of the license grant.

At bottom, it is clear that Plaintiff's bases for patent infringement -- that Defendants allegedly missed a redesign date[2], failed to mark, and failed to make royalty payments -- are all

---

(…cont'd)
U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).) Plaintiff's claims of patent infringement do not pass muster under this test.

[2] Plaintiff overreaches by characterizing Paragraph 2 as a "cut-off date". (D.I. 70 at 9). That paragraph relates only to a redesign period, and makes no exclusion to the license grant in
(footnote cont'd…)

4

contractual issues. (D.I. 70 at 9-11). This conduct is expressly within the scope of the license because, as Plaintiff confirms in its opposition, they relate to "Subject Patents" and "Subject Products and any other products within the scope of the Subject Patents." Plaintiff relies on *separate contractual limitations*, namely, Paragraphs 2, 5 and 9, for its claim and, therefore, its patent infringement claim cannot stand. (*See, e.g.,* D.I. 70 at 2 ("expressly forbidden by the agreement"); *id.* at 9 ("conditions and limitations of this Agreement"); *id.* ("clause 2"); *id.* at 10 ("the Clause Nine Marking Requirement"); *id.* ("referencing to the royalty under clause 5(B)")). They are extrinsic and separate contractual obligations outside of the license grant. (D.I. 1, Ex. A at Ex. 3.; *see e.g., Lisle Corp. v. Edwards*, 777 F.2d 693, 694 (Fed. Cir. 1985) (holding that marking is a contractual obligation under a valid license, which precluded an assertion of patent infringement)).

### III. Plaintiff's Reliance On The No Challenge Clause Is Misplaced and Further Supports Defendants.

That Plaintiff's patent infringement claims should not be permitted is further underscored by Plaintiff's attempt to use the License Agreement as both a sword and a shield. Plaintiff should not be able to claim patent infringement, but then hide under the shield of the No Challenge clause of the License Agreement. The clause at issue states:

> Cooper does not admit infringement, validity or enforceability of the Subject Patents, and reserves all defense to any allegation of infringement related thereto; provided, however, that Cooper shall refrain from contesting the validity, enforceability, or infringement of the Subject Patents in any court of law or other forum unless Kenall asserts the Subject Patents against Cooper products other than the Subject Products.

---

(…cont'd)
Paragraph 1. (D.I. 1, Ex. A at Ex. 3, ¶ 2). Thus, the terms of this Paragraph would be solely a contractual issue.

(D.I. 1, Ex. A at Ex. 3, ¶ 15). Plaintiff claims this clause prevents Defendants from guarding against Plaintiff's claims of patent infringement. Plaintiff further alleges that Defendants are in breach of contract for denying infringement and alleging invalidity.[3] (D.I. 1 at ¶ 86, D.I. 70 at 5-6, 13). Plaintiff's reliance on the No Challenge clause is disingenuous.

As an initial matter, Defendants do not dispute that the No Challenge clause is an enforceable provision of the License Agreement. However, on the face of the agreement, that clause can only apply to *licensed products*. This is not only logical, but consistent with Defendants' representation in the Agreement that they did not concede infringement. (D.I. 1, Ex. A, "Whereas, Cooper has denied that the Subject Products infringe the '055 patent…"). That is, as part of the *quid pro quo* for the License Agreement, Defendants agreed not to challenge the Subject Patents as long as they were licensed (because Plaintiff, in turn, was promising not to allege patent infringement under those patents).

Plaintiff's assertion that it can allege patent infringement at its whim as to even Subject Products, but that Defendants cannot defend themselves is nonsensical. Under this interpretation, Plaintiff could arbitrarily assert any conduct related to Subject Products was infringing by Defendants, and Defendants would have no available defenses. Plaintiff's application is also inconsistent with Defendants' express reservation of "all defenses to any allegation of infringement related" to the Subject Patents, of which Defendants also outright denied infringement, validity or enforceability. (D.I. 1, Ex. A at Ex. 3, ¶ 15). Under the

---

[3] As explained above, Plaintiff's assertion in its Rule 12(c) Motion that Defendants' assertion of non-infringement and invalidity is an additional purported breach of contract (D.I. 45 and 48 at 10-13 and 10-14) is further evidence that its patent claim is unsustainable. Plaintiff's use of the No Challenge clause has been inconsistent throughout. Why is Defendants' alleged violation of that clause (Paragraph 15) not another grounds for patent infringement, as an act outside the scope of the license, rather than a breach of contract?

agreement, Plaintiff cannot assert patent infringement as to licensed products, and in return Defendants cannot challenge the patents' validity; however, if Plaintiff is permitted to proceed with its patent infringement claims, it is only fair that Defendants be permitted to challenge those allegations and/or the underlying patent. Plaintiff's opportunistic application of this clause only underscores why its claim of patent infringement is impermissible.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Rule 12(c) Motion for Judgment on the Pleadings for Failure to State a Claim for Patent Infringement (D.I. 35).


Dated: October 25, 2017

Respectfully Submitted,

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

*/s/ Kal K. Shah*
Kalpesh (Kal) K. Shah
333 West Wacker Drive, Suite 1900
Chicago, IL 60606
Telephone: 312.212.4949
Facsimile: 312.757.9192
Email: kshah@beneschlaw.com

*Attorney for Defendants*
*Cooper Lighting, LLC and*
*Eaton Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Kal K. Shah*

*Attorney for Defendants*
*Cooper Lighting, LLC and*
*Eaton Corporation*