UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| KENALL MANUFACTURING COMPANY, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COOPER LIGHTING, LLC and ) <br> EATON CORPORATION, ) <br> Defendants. ) | Case No. 17-cv-4575 |

___

**KENALL'S AMENDED SUR-REPLY
IN FURTHER OPPOSITION TO MOTION [ECF No. 644]**
___

Plaintiff, Kenall Manufacturing Company ("Kenall"), respectfully submits this sur-reply to address specific and serious improprieties in Defendants' recent motion practice, arising particularly in Defendants' reply brief [ECF No. 666] and declaration [ECF No. 666-1]. This sur-reply is filed at the invitation of the Court (*see* ECF No. 665) and amends earlier-filed ECF No. 664 in view of Defendants' December 7 filing of their "revised" reply brief and declaration.

First, Kenall shows in detail that Defendants' now-operative reply papers still contain knowingly false and misleading content. It should be noted that Defendants refused to withdraw such improper content despite Kenall's urging. Although Defendants' now-operative reply papers no longer include *some* of the false statements from Defendants' original reply brief [ECF No. 661] and declaration [ECF No. 661-1], other false and misleading content from the originals is *repeated*, while new false and misleading content is *added*.

The particular false and misleading content addressed in Section I of this brief moreover constitutes new matters raised in reply, and so is improper procedurally, as well as substantively.

Second, Kenall shows in detail that Defendants' reply papers also reveal Defendants' specific knowledge that their *opening* brief [ECF No. 646] contains major false statements – which Defendants likewise have not withdrawn despite Kenall's urging.

The need to remedy associated taint in the record warrants Kenall's sur-reply. This would not be needed if Defendants had corrected the record as Kenall urged them to do.[1]

### I. KNOWINGLY FALSE CONTENT OF DEFENDANTS' REPLY PAPERS

Given the gravity of any allegation of knowingly false and misleading statements or omissions to a court, Kenall takes care here to show both that the statements and omissions are

---

[1] This sur-reply focuses exclusively on Defendants' knowingly false and misleading statements and omissions. It is not a comprehensive reply to Defendants' reply papers and should not be taken as such. However, Kenall would be prepared to provide a comprehensive sur-reply if invited to do so.

-1-

materially *false* and *misleading*, and that they are *knowingly* so. Kenall shows, moreover, that they are frivolous. Defendants should never have placed such content before the Court.

This Section I relates specifically to Defendants' reply submissions regarding a single document: Kenall Bates No. K070431 [ECF No. 666-11] ("K070431"). Their reply papers make false and misleading statements that K070431 was "redacted" and "obscured" the 2012 date of the video at the webpage and YouTube URL in that document, and that Kenall's August 2023 production is thus "misleading." Reply [ECF No. 666] at pp. 7 &10; Almendarez Decl. [ECF No. 666-1] at ¶¶ 4, 10 & 11. Kenall will show that Defendants *know* these statements are false and misleading. Also, critically, Kenall will show that Defendants are misleadingly *omitting* material information that shows their contentions about K070431 to be knowingly false; they omit, for example, the fact that Kenall's August 2023 production *clearly* and *repetitively* gave Defendants the very 2012 publication date they claim was withheld, and the fact that they (and their counsel) specifically *knew* this at the time they prepared and filed their reply papers.

In short, Defendants' reply papers are false and misleading as to K070431 because they attempt to create a false impression that Kenall withheld the 2012 publication date, when in fact Kenall voluntarily *gave* them that date in the production, as Defendants know very well. And such falsehoods are *material* because Defendants are requesting a finding of "bad faith" based on them. Reply at p. 10. Defendants' reply therefore trespasses the bounds of zealous advocacy.

The following clear record of the actual facts and of Defendants' knowledge is needed:

Kenall's August 2023 production included *multiple* documents showing content of a YouTube webpage ("the webpage") at *https://www.youtube.com/watch?v=OFeSz55gR24* ("the R24 URL"), on which is published a video titled "Washington Park Garage Opens" ("the Garage

Video"). K070431 is just one of those documents. In the order of Kenall's Bates numbering in the August 2023 production, four key examples of such documents are the following:

- **K070430**, which is a July 7, 2023 video copy of the Garage Video together with surrounding content of the webpage and R24 URL (*see* Exhibit J submitted herewith, a true and correct copy of K070430 as produced to Defendants in August 2023, and Exhibit G submitted herewith, a true and correct screenshot of K070430 showing content of the webpage and a still image from the Garage Video);

- **K070431**, which is a PDF printout of a July 7, 2023 archival record of the webpage available at the Wayback Machine internet archive URL *https://web.archive.org/web/20230707202341/ https://www.youtube.com/watch?v=OFeSz55gR24* (K070431 is the document Defendants focus on, and notably is the Bates number immediately next to K070430 in Kenall's August 2023 production);

- **K070803**, which is an August 8, 2023 screenshot of the webpage and R24 URL, in this instance including a static image of the Garage Video at the 0:43 timing mark, where an installed unit of Defendants' HVL lighting fixture can be seen (*see* Exhibit H submitted herewith, a true and correct copy of K070803 as produced to Defendants in August 2023); and

- Kenall Bates No. **K070810**, another August 8, 2023 screenshot of the webpage published at the R24 URL, in this instance including a static image of the Garage Video at the 1:04 timing mark, where installed units of Defendants' HVL lighting fixture can be seen (*see* Exhibit I submitted herewith, a true and correct copy of K070810 as produced to Defendants in August 2023).

As Defendants *at least should have known* already on their original November 20 reply filing date, and as they *unquestionably knew* before December 5 and 7 when they signed and filed their "revised" reply brief and declaration, three of the above-listed Kenall-produced documents – specifically K070430, K070803 and K070810 – clearly and unmistakably show that the Garage Video was published in 2012 on the webpage at the R24 URL. Specifically, K070430 and K070810 clearly show the video's publication date as "Apr 20, 2012," while K070803 clearly shows the its publication date as "11 years ago" (also indicating 2012).[2]

Defendants unquestionably knew this before December 5. Already on September 30 and then again on November 20, Defendants told the Court they had already reviewed Kenall's August 2023 production. *See*, *e.g.*, ECF No. 646 at p. 3; ECF No. 661-1 at ¶ 5. But even beyond that, Kenall's counsel *clearly, specifically and repeatedly told* Defendants' counsel that the 2012 publication date of the Garage Video in K070431 is shown in K070430, K070803 and K070810, and that K070431 is unredacted, produced in its entirety, as printed to PDF by Kenall. Kenall told Defendants' counsel this in a November 21 letter that Defendants' counsel read no later than November 27 (the day they responded). *See* Ex. A at p. 1; Ex. B.[3] Kenall's counsel *again* stated such information, in even greater detail and with a formal declaration of non-redaction, in a November 28 letter that Defendants' counsel read no later than November 29 (the day they

---

[2]Kenall observes and requests judicial notice that the current default format of the video publication date at the relevant webpage, *https://www.youtube.com/watch?v=OFeSz55gR24*, is the phrase "11 years ago," and that the more detailed date information "Apr 20, 2012" pops up when the webpage visitor clicks on the hyperlink for "...more" on the text line immediately below "11 years ago." Of course, "11 years ago" in K070803 indicates 11 years before the August 8, 2023 screenshot, *i.e.*, 2012.

[3]Exhibit A submitted herewith is a true and correct copy of a letter Kenall's counsel emailed to Defendants' counsel on November 21, 2023. Exhibit B submitted herewith is a true and correct copy of a letter Defendants' counsel emailed to Kenall's counsel on November 27, 2023.

responded). *See* Ex. C at pp. 1-3; Ex. D.[4] Kenall's November 28 letter to Defendants' counsel even provided an excerpted screenshot from K070430 expressly showing the "Apr 20, 2012" date (*see* Ex. C at p. 2), to remove any and all possible doubt that it was disclosed in Kenall's August 2023 production. Defendants' counsel's November 29 correspondence then specifically acknowledged all four relevant documents, by their Bates numbers. *See* Ex. D at p. 1. Further still, at 11:30 a.m. on December 5 (still well prior to Defendants' end-of-day December 5 first filing of their "revised" reply papers), Kenall sent Defendants' counsel a draft copy of Kenall's initial sur-reply, again repeating the fact that K070430, K070803 and K070810 clearly show the 2012 publication date of the Garage Video in K070431, citing the same exhibits submitted herewith as Exhibits G, H and I, and again stating that nothing in the production is redacted. *See* Exhibit F.[5] And on December 6 Kenall filed its initial sur-reply and exhibits with the Court, yet again providing such information. ECF No. 664 at pp. 1-3; ECF Nos. 664-7, 664-8, 664-9.

The above-stated facts as to Defendants' knowledge are beyond any genuine dispute. They show that Defendants definitely knew prior to signing and filing their now-operative reply papers that Kenall's August 2023 production had clearly, specifically and repeatedly disclosed to them the 2012 publication date of the Garage Video on the webpage shown archived in K070431, and that Defendants definitely knew this in November, before December 5 when they signed and first filed their "revised" reply papers (attached to their motion for leave), and before they filed those papers again on December 7 as their now-operative reply papers.

---

[4]Exhibit C submitted herewith is a true and correct copy of a letter Kenall's counsel emailed to Defendants' counsel on November 28, 2023. Exhibit D submitted herewith is a true and correct copy of a letter Defendants' counsel emailed to Kenall's counsel on November 29, 2023.

[5]Exhibit F submitted herewith is a true and correct copy of an email string between counsel, showing that Kenall's counsel sent the draft sur-reply at 11:30 a.m. on December 5, 2023 and that this was well prior to Defendants' filing at the close of that business day. Exhibits G, H and I to that draft sur-reply were the same as Exhibits G, H and I submitted herewith.

Given these facts and circumstances, there can be no legitimate reason for Defendants to be contending before the Court, as they are now, that the 2012 date was withheld from them, or that there is any basis in these matters for a finding of "bad faith" or a sanction against Kenall.

Making matters worse, Defendants' now-operative reply papers repeat their knowingly false allegations regarding alleged "redaction" and "obscuring," which they know did not occur. They do this through a counsel declaration [ECF No. 666-1] containing knowingly false statements of "personal knowledge" and "competen[ce] to testify" that K070431 is a "redacted" document, and through a brief baselessly alleging "bad faith" intent while reciting false and misleading allegations as to supposed "redact[ing]," "obscuring" and "misleading."

First, it must be noted that Defendants had no basis for alleging "redaction" (and "personal knowledge" thereof) even in their original reply brief and declaration filed November 20. Since K070431 was never redacted by anyone, and since Defendants had never inquired with Kenall about these matters, it was impossible for Defendants on November 20 to truthfully assert "personal knowledge" that Kenall "redacted" K070431 (even if they had harbored some misplaced suspicion on that date). *See* Ex. A at p. 1. But *after* November 20 the contradiction between Defendants' assertions to the Court and their actual knowledge became even more irreconcilable. This is because Kenall, promptly after the November 20 filing, accurately informed Defendants: that K070431 has no redaction whatsoever (*see* Ex. A at p. 1; Ex. C at p. 1); that Kenall's entire August 2023 production is entirely without redaction (*see* Ex. A at p. 1; Ex. C at p. 1); and that K070431 is a printout to PDF of an archived record, in which the printout, for some incidental technological reason unknown to Kenall, failed to print some of the webpage text, but that in any event such webpage text including the 2012 date is shown by

K070430, K070803 and K070810 (*see* Ex. A at p. 1; Ex. C at p. 2). Since Defendants were clearly informed of all this, they had no basis to persist in their allegations, let alone refile them.

Kenall duly informed Defendants that under the circumstances they had a *duty* to withdraw their assertions as to K070431 and correct the record. *See* Exs. A, C, E & F. Moreover, Kenall told Defendants' counsel that their assertions, being false, must be withdrawn without obfuscation, including any obfuscation of the meaning of the word "redact," since that word has a clear and definite meaning – *intentional* editing to obscure information – that has no relevance whatsoever to K070431 or Kenall's production. *See* Ex. E at pp. 1-2; Ex. F at p. 1.

Notably, the November 29 letter from Defendants' counsel Ms. Almendarez states that they "suspect" redaction. Ex. D at p. 1. Kenall immediately pointed out that any suspicion of redaction is completely erroneous, that *suspicion* in any event is not *knowledge*, and that she had begun using the word "redact" in an obfuscatory way as if it could describe unconscious and "inadvertent" occurrences, contrary to the word's actual well-known meaning. Ex. E at pp. 1-2.

Despite all this, Defendants prepared and filed their now-operative reply brief and declaration, doubling down by making the following knowingly false and misleading statements:

- As in ECF No. 661-1, the new Almendarez Declaration [ECF No. 666-1] signed December 5 by Defendants' counsel falsely asserts her "personal knowledge" and "competen[ce] to testify" that "Plaintiff redacted" K070431 (her "Exhibit J"), and that K070431 is "redacted," a word she repeatedly uses. *Id*. at ¶¶1-2, 4, 10. As shown above, Defendants (including Ms. Almendarez personally) cannot declare this, since they *know* K070431 is not redacted (or at very most only *suspect* it).

- As in ECF No. 661-1 (but with new wording), paragraph 11 of the new Almendarez Declaration misleadingly states that Kenall "did not inform Defendants" that the

August 2023 production "contained unintentional redactions or obscured information." These statements are knowingly misleading in multiple ways. Defendants *know* the reason Kenall did not "inform" them is that no redacting or obscuring occurred; they have repeatedly been told by Kenall's counsel that none of the documents produced is redacted or obscured, that the documents were produced *in full* exactly as Kenall itself has them, and that K070430, K070803 and K070810 provide the 2012 date relevant to K070431. *See*, *e.g.*, Ex. A at p. 1; Ex. C at pp. 1-3. Moreover, by using the adjective "unintentional" to modify "redacted," a word meaning intentional editing to obscure, Defendants obfuscate misleadingly, while then using "obscured" to suggest a concealment when they *know* there is none.

- The new Almendarez Declaration at paragraph 12 makes a new knowingly false statement by saying that "Plaintiff claimed the redaction of the document marked K070431 was unintentional," when she *knows* Kenall's counsel has clearly and repeatedly informed her that it is entirely *unredacted*, and expressly rejected "redacted" as a description of K070431. *See*, *e.g.*, Ex. A at p. 1, Ex. C at pp. 1-3; Ex. E at pp 1-2. So she knowingly misrepresents (and omits) what Kenall told her.

- Defendants' reply brief [ECF No. 666] at pages 7 and 10 then cites such false and misleading statements in the declaration for yet further false and misleading allegations that Kenall "redacted" Kenall Bates No. K070431 in a supposed attempt to "obscure" document date information and provide a "misleading" production. In this part of their brief, they directly allege *intentional* wrongdoing ("bad faith") by alleging conduct they *know* did not occur, in a Kenall production they *know* readily gave them the very date information they are pretending was held back. They

-8-

apparently think their footnote 4 echoing Ms. Almendarez's false and misleading paragraph 12, permits them these knowingly false flights of fancy; it does not.

The foregoing shows that everything Defendants are asserting in connection with K070431 is misleading, unreliable and frivolous. Such content has no place before the Court.

Finally, it is important to note that Defendants' *opening* brief did not include any allegation of redaction or of obscuring any date. So these allegations are raised for the first time in Defendants' reply papers, thus are not genuinely *in reply*. As such they are procedurally improper, as well as substantively. Defendants must not be allowed any advantage from them.

## II. REVELATION OF KNOWN FALSITY IN DEFENDANTS' OPENING BRIEF

Defendants' reply papers also reveal with clarity their own specific knowledge that their *opening* brief includes materially false statements, and thus that their motion to strike and for sanctions is based on false premises from the start. Kenall here points out two specific instances.

Defendants have not withdrawn such false statements from their opening brief despite knowing they are false and that they remain before the Court, despite Kenall's urging.

### A. Defendants' Specific Knowledge of *Post-Discovery* Documents in Kenall Production

Defendants' reply papers reveal their specific knowledge that Kenall's August 2023 production includes documents that came into existence *after* the discovery period in this case, a fact specifically contrary to major statements in their opening brief, as will be seen below. Their knowledge is shown by numerous specific statements in the reply papers, including for example:

- Ms. Almendarez's declaration identifying Kenall Bates Nos. K069324, K069325, K069326 and K069327 from Kenall's August 2023 production as copies of "an **August 26, 2022** Facebook post" (Almendarez Decl. at ¶4 and ECF Nos. 666-8, 666-9 & 666-10) (emphasis added);

- Ms. Almendarez's declaration identifying Kenall Bates No. K070085 from Kenall's August 2023 production as a copy of "a **November 24, 2021** Facebook post" (Almendarez Decl. at ¶4 & ECF No. 666-4) (emphasis added);

- Ms. Almendarez's declaration identifying Kenall Bates No. K069376 from Kenall's August 2023 production as a copy of "an **October 2021** Google Street View image" (Almendarez Decl. at ¶4 & ECF No. 666-3) (emphasis added);

- Ms. Almendarez's declaration identifying Kenall Bates No. K069319 from Kenall's August 2023 production as a copy of "a **September 24, 2021** Facebook post" (Almendarez Decl. at ¶4 & ECF No. 666-2) (emphasis added);

- Ms. Almendarez's hedging admission that "72 [of the documents in Kenall's August 2023 production] bear date or time indicators suggesting they may have come into existence sometime **after the close of fact and expert discovery**" (Almendarez Decl. at ¶9) (emphasis added), a statement cited in Defendants' reply brief at page 6; and

- Ms. Almendarez's hedging admission that a further "53 [of the documents in Kenall's August 2023 production] bear date or time indicators suggesting they may have come into existence **after the close of fact discovery**" (Almendarez Decl. at ¶7) (emphasis added), a statement cited in Defendants' reply brief at page 6.

Such statements in Defendants' reply papers establish beyond question that they *know* their opening brief contains materially false statements, particularly their opening brief's assertions that everything Kenall produced in August 2023 predates close of discovery. The opening brief states with brazen falsity, for example, that:

- "This is not a case where Plaintiff submitted documents that were generated after the close of discovery" (ECF No. 646 at p. 6);

- the documents Kenall produced in August 2023 were "all available during discovery" (ECF No. 646 at p. 1); and

- "Upon review of the documents, it is beyond dispute that they could and should have been produced during discovery in this case (ECF No. 646 at p. 3).

Kenall has been prompt to raise with Defendants the knowledge of falsity shown by their reply papers, and has been urging them to withdraw the knowingly false statements of their opening brief. Ex. C at pp. 2-3. Defendants have refused to do so, instead taking the position that it is "for the Court to decide." Ex. D at p. 2. By this they are perpetuating material taint that they themselves knowingly placed in the record. This should be fatal to their position.

### B. Defendants' Specific Knowledge That Damages Categories Were Previously Disclosed

Defendants' reply papers also reveal their specific knowledge that their opening brief is false in stating that certain damages categories were *not* disclosed prior to Kenall's August 2023 Rule 26(a)(1)(A)(iii) supplement, but supposedly were only first disclosed at that time.

Defendants' opening brief states with brazen inaccuracy that Kenall's Rule 26(a)(1)(A)(iii) supplement contains "previously undisclosed damages categories," which they also falsely call "new categories of damages." ECF 464 at pp. 4 & 8. Their opening brief then refers specifically to damages for failure to mark, for price erosion, and for convoyed sales.

Now, express statements in Defendants' reply brief show their specific *knowledge* that such assertions are false, especially as to failure to mark and price erosion. At page 8 their reply brief refers to failure-to-mark damages as an expressly-pled category of contract damages in Kenall's Complaint, and as a damages category in Kenall's July 31, 2018 Rule 26(a) disclosures. Also on page 8, their reply brief refers to the fact that Kenall made "references to price erosion damages throughout this six-year litigation," which indeed Kenall did.

Defendants' express mention of such facts in their reply brief leaves no room whatsoever for the false allegations of their opening brief that Kenall did *not* disclose those damages "categories" until August 2023. Yet Defendants have refused to withdraw those allegations.

As with other knowingly false statements referred to in this sur-reply, Defendants have left them in the record as known material taint, despite Kenall having urged withdrawal. Ex. C at p. 3. It is evident that they are doing so to provide a false appearance of bases for their pending motion to strike and for sanctions. They must not be rewarded for such conduct.

### III. Conclusion

As shown herein and in Exhibits A-F attached hereto, Kenall has earnestly endeavored to persuade Defendants to voluntarily withdraw their knowingly false statements in full and to correct the record. Because they have not done so, and because their reply papers themselves make new false statements (*see* section I, *supra*), this Kenall sur-reply is necessary.

Defendants, by knowingly relying on false and misleading statements for their pending motion to strike and for sanctions, are violating essential rules and norms of litigation. A party's submission of knowingly false or misleading statements to a tribunal "stretches the bounds of zealous advocacy beyond what it can bear." *Intellect Wireless, Inc. v. Sharp Corp.*, 87 F. Supp. 3d 817, 852-53 (N.D. Ill. 2015). See also *Xped LLC v. Entities Listed on Exhibit 1*, ___ F. Supp. 3d ___ , 2023 WL 5748350, at *15 (N.D. Ill. 2023) ("intentional and material false representation or misleading omission [constitutes] fraud on the Court"); *Koehler v. Ricoh USA, Inc.*, No. 15-CV-10204, at *7 n. 7 (N.D. Ill. Mar. 29, 2018) ("omission of necessary factual context ... flirts with the boundaries of zealous advocacy").

"Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won." *Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 663 (7th Cir.1994). Defendants are doing so here and must not be allowed to prevail.

Date: December 12, 2023

        Respectfully submitted,

        JANSSON MUNGER MCKINLEY & KIRBY LTD.

        /s/Molly H. McKinley
        Molly H. McKinley (IL Bar #6283499)
        Peter N. Jansson
        207 East Westminster
        Lake Forest, IL 60045
        Tel: 262/632-6900
        *pjansson@janlaw.com*
        *mmckinley@janlaw.com*

        Eric V.C. Jansson
        4061 North Main Street, Suite 200
        Racine, WI 53402
        Tel: 262/632-6900
        *ejansson@janlaw.com*

        Attorneys for Kenall Manufacturing Company